**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4588

GEORGE MICHAEL MATHENY, a/k/a
Rocco,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-97-27)

Submitted: June 9, 1998

Decided: June 30, 1998

Before WIDENER and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Karyn M. Schmidt, MEYER, DARRAGH, BUCKLER, BEBENEK
& ECK, Charleston, West Virginia, for Appellant. Rebecca A. Betts,
United States Attorney, Miller A. Bushong, III, Assistant United
States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

George Michael Matheny appeals the 98-month sentence he received after he pled guilty to aiding and abetting the possession of methamphetamine with intent to distribute, 21 U.S.C.A. § 841 (West 1981 & Supp. 1998), 18 U.S.C. § 2 (1994), and possession of a firearm during a drug trafficking crime, 18 U.S.C.A.§ 924(c) (West Supp. 1998). He maintains that his prior sentence of a fine and costs for brandishing a deadly weapon should have been excluded from his criminal history score under U. S. Sentencing Guidelines Manual § 4A1.2(c) (1995). We find that his criminal history was correctly calculated and affirm.

Guideline section 4A1.2(c)(1)-(2) excludes from the criminal history calculation certain minor offenses such as hitchhiking. Other specified offenses are excluded if the sentence imposed was less than one year probation or thirty days imprisonment and it is not similar to the instant offense. A prior sentence for an offense which is similar to a listed offense in either category may also be excluded.

As calculated by the probation officer, Matheny had thirteen criminal history points, which placed him in category VI. Elimination of the one disputed criminal history point assigned for the brandishing conviction would have moved Matheny into category V and reduced his guideline range. Guideline section 4A1.2(c) does not list brandishing a weapon as an excludable offense, but Matheny argued that brandishing was similar to disorderly conduct or disturbing the peace, offenses excludable from the criminal history calculation under USSG § 4A1.2(c)(1), and therefore should have been excluded. The district court summarily overruled his objection. Matheny renews his argument on appeal.

In United States v. Harris, 128 F.3d 850, 854-55 (4th Cir. 1997), this court expressed approval of an "elements" test for determining

2

whether offenses are "similar," and rejected a "multi-factor" test. Under West Virginia law, the elements of brandishing a weapon are that a person (1) is armed, (2) with a firearm or deadly weapon, and (3) carries, brandishes, or uses the weapon, (4) in a manner to cause or threaten a breach of the peace. W. Va. Code § 61-7-11 (1997). The elements of disorderly conduct or disturbing the peace are that a person (1) in a specified common area, (2) disturbs the peace of others, (3) by violent, profane, indecent, or boisterous conduct or language, or by unreasonably loud noise intending to cause annoyance or alarm to another, and (4) persists in the conduct after being told to stop by a law enforcement officer. W. Va. Code § 61-7-11a (1997). We find that the elements of the two offenses are not similar because the offense of brandishing requires the presence of a firearm or other deadly weapon while the offense of disorderly conduct or disturbing the peace does not. Consequently, we find that the district court correctly included the sentence for brandishing in Matheny's criminal history calculation.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3